**UNITED STATES of America,**

v.

**Thomas SEES, Appellant.**

**No. 01–2418.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 17, 2002.

Filed Feb. 13, 2002.

Before SCIRICA and ROSENN, Circuit Judges, and KANE, District Judge.*

MEMORANDUM OPINION

SCIRICA, Circuit Judge.

This is a sentencing appeal. Thomas Sees pled guilty in the United States District Court for the District of New Jersey to a superseding information charging that on October 27, 1999, he knowingly and intentionally used a communication facility (a telephone) to facilitate the distribution and the possession with intent to distribute methamphetamine, a felony under 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 843(b). On appeal, Sees contends the District Court erred in failing to grant a downward departure under U.S.S.G. § 5K2.0 based on extraordinary post-offense rehabilitation.

"We lack jurisdiction to review a refusal to depart downward 'when the district court, knowing it may do so, nonetheless determines that departure is not warranted.'" *United States v. Sally*, 116 F.3d 76, 78 (3d Cir.1997) (quoting *United States v. McQuilkin*, 97 F.3d 723, 729 (3d Cir. 1996)). At sentencing, the District Court explicitly articulated more than once that it had the power to depart from the Guidelines based on defendant's post-offense rehabilitation efforts. The court framed the issue before it as whether it should "exercise the discretion that I recognize I have in order to make a downward departure" on the basis of post-offense rehabilitation. (App.62). The District Court's recognition of its authority in this regard also was reflected in the court's willingness to hear testimony concerning defendant's post-offense rehabilitation, and in the court's discussion with counsel concerning whether to depart in view of the facts of this particular case. The District Court decided, however, that defendant's post-offense conduct was not "so exceptional" as to warrant a downward departure from the Guidelines.

As a result, we lack jurisdiction to review the District Court's refusal of a downward departure in this matter. The appeal is dismissed for lack of jurisdiction.

---

* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.